KUEHN v. NEUGEBAUER.    (No. 5920.)

(Court of Civil Appeals of Texas. Austin. April 25, 1918.)

1. DAMAGES &#9901;&#8658;101, 191—PERSONAL INJURY—ITEMS OF EXPENSE—REASONABLENESS.

While the plaintiff may recover for necessary items of expense consequent upon personal injury from defendants wrongful conduct, it must be shown that the amount claimed for such expenses or the amount recovered is a reasonable amount, and defendant is not necessarily liable for the amount plaintiff has agreed to pay, and the fact that plaintiff has paid an item of expense does not show that it was reasonable.

2. DAMAGES &#9901;&#8658;163(1) — PERSONAL INJURY — REASONABLENESS—BURDEN OF PROOF.

In such case, the burden rests upon the plaintiff to furnish testimony which would justify the jury in finding that the amounts allowed by them are fair and reasonable.

3. TRIAL &#9901;&#8658;203(3) — INSTRUCTIONS — THEORY OF CASE.

The refusal of requested instructions properly framed, and which, if given, would have submitted defendant's theory more fully and clearly than did the charge of the court, was error.

Appeal from District Court, Hays County; Frank S. Roberts, Judge.

Suit by Joseph Neugebauer against Gus Kuehn. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Will G. Barber, of San Marcos, for appellant. J. P. Pfeiffer, of San Antonio, and T. J. Saunders, of San Marcos, for appellee.

KEY, C. J. Appellee brought this suit and recovered a verdict and judgment against appellant for $300 damages, alleged to have been caused by the misconduct and negligence of an agent of appellant, who was driving an automobile upon a public road. The proof shows that appellee and a companion were traveling the public road from Austin to San Antonio; that appellant's automobile, which was driven by his minor son, was traveling the same road in the opposite direction, when a collision occurred between the automobile and appellee's motorcycle, which resulted in certain personal injuries to appellee, and some damage to his motorcycle. Appellant has brought the case to this court, and seeks reversal upon several assignments of error.

After testifying concerning his injuries, appellee gave a detailed statement of the expenses he had incurred as doctor's bills, hospital charges, charges for a trained nurse, and for medicines. He also submitted some other testimony tending to show the correctness of the items for which the charges were made, but no witness testified that any of them were reasonable. Appellee also testified that his motorcycle "was all smashed up," and that he had obtained an estimate, showing that it would cost about $100 to repair it. He did not state who furnished the estimate referred to, nor did any witness testify as to how much would be a reasonable amount for repairing the motorcycle.

This being the condition of the testimony, counsel for appellant made timely objections to those paragraphs of the court's charge which submitted to the jury the right to recover for the items of damages referred to, because there was no proof as to the reasonableness of such items; and the same point was made and reason assigned in appellant's motion asking the trial court to set aside the verdict. That court ruled against appellant on the points referred to, and those rulings are assigned as error in this court; and Wheeler v. Railway, 91 Tex. 360, 43 S. W. 876, Railway v. Williams, 136 S. W. 267, Railway v. English, 178 S. W. 667, and Rishworth v. Moss, 191 S. W. 851, are cited in support of appellant's contention.

[1, 2] The authorities referred to, and Railway v. Ison, 37 Tex. Civ. App. 219, 83 S. W. 408, cited in appellee's brief, sustain the contention of appellant to the effect that before recovery can be had for expenses incurred by the injured party, as a result of the defendant's wrongful conduct, it must be shown that the amount claimed for such expenses, or at any rate the amount recovered, is a reasonable amount. In other words, the Texas authorities hold that, while a plaintiff may recover for necessary items of expense, the defendant is not necessarily liable for the amount the plaintiff has agreed to pay, and is liable only for what would be a fair and reasonable amount; and the cases above cited hold that the burden of proof rests upon the plaintiff to furnish testimony which will justify the jury in finding that the amounts allowed by them are fair and reasonable; and in one case our Supreme Court held that proof of the fact that the plaintiff had paid the item of expense was no evidence tending to show that it was fair and reasonable.

Counsel for appellee have cited some authorities in other jurisdictions, which seem to be in conflict with the rule established by our Supreme Court; and, if the question was not already settled, we might feel disposed to follow those authorities. But our own Supreme Court has definitely settled the law upon the point, as stated above, and we, therefore, sustain appellant's assignments of error which relate to that question.

[3] We also sustain the assignments which complain of the action of the trial court in refusing to give appellant's requested instructions numbered 1 and 2. The requested instructions were properly framed, and, if given, would have submitted appellant's theory of the case more fully and clearly than did the charge given by the court; and, therefore, the court erred in refusing to give them. Railway v. Shieder, 88 Tex. 166, 30 S. W. 902, 28 L. R. A. 538; Railway v. Casseday, 92 Tex. 525, 50 S. W. 125; Railway v. Mangham, 95 Tex. 413, 67 S. W. 765; Railway v. McGlamory, 89 Tex. 635, 35 S. W. 1058; Railway v. Rogers, 91 Tex. 58, 40 S. W. 956.

The assignments which present other questions are overruled.

For the errors pointed out, the judgment of the court below is reversed, and the cause remanded for further proceedings.

Reversed and remanded.