## MORRIS v. RIDENOUR.
### No. 10872.

Court of Civil Appeals of Texas. Dallas.

Oct. 24, 1931.

A. H. Mount, of Dallas, for appellant.

William Henry Clark, Jr., and John Percival Rice, both of Dallas, for appellee.

LOONEY, J.

J. W. Ridenour recovered judgment against M. Morris in the county court of Dallas county, on appeal from the justice court, for $150 damages to an automobile, that resulted from a collision with a car belonging to defendant.

The appeal is without a statement of facts, and the only question presented for review is as to the excessiveness of the judgment, which contention is based upon the following situation: In answer to proper issues submitted, the jury found that the difference in the value of plaintiff's car just before and just after the injury was $250; the jury also found, in response to an issue submitted, that $51.40, reasonably expended, would have repaired plaintiff's car and restored it to as good condition as it was just before the collision.

Plaintiff having sued for only $150, the court rendered judgment in his favor for that amount, over the insistence of defendant, however, that the judgment should not have exceeded the sum of $51.40, the amount the jury found, if reasonably expended, would have restored the car to its aforetime condition.

The same contention was urged in the case of Chicago, etc., Co. v. Zumwalt, 226 S. W. 1080, 1083, and was overruled by the Amarillo Court of Civil Appeals in the following language: "In answer to subdivision (a) of special issue No. 5, the jury found that the difference between the market value of plaintiff's truck at Vega, immediately before and immediately after the collision, was $1,500. This issue submitted the proper measure of damages. The court, however, submitted special issue No. 10, instructing the jury to find what would be the reasonable cost of necessary new parts and of repairing other broken or damaged parts of the truck to restore the same to its former condition, and the answer is $1,000. These findings are made the basis of the first assignment of error, appellant insisting that the verdict is contradictory, inconsistent, and does not afford a basis for any judgment at all. The latter finding is upon an immaterial issue. The cost of repairing the machine is not the measure of appellee's damages. P. & N. T. Ry. Co. v. McMeans [Tex. Civ. App.] 188 S. W. 692, and authorities cited. The court therefore did not err in ignoring the finding of the jury in reply to the tenth issue."

The rule announced in the above case is decisive of this controversy, therefore the judgment below is affirmed.

Affirmed.