### WHITE v. AKERS.

No. 13865.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 10, 1939.

R. D. Oswalt, of Vernon, and Otis E. Nelson, of Wichita Falls, for appellant.

Jimmie Cunningham, of Graham, for appellee.

BROWN, Justice.

Appellee brought suit in the County Court of Archer County against appellant for damages alleged to have been occasioned by an agent and employee of appellant negligently driving one of appellant's trucks into appellee's truck, on a public highway.

Because of the manner in which the case was submitted to the jury and the disposition made thereof by the trial court, it is necessary for us to notice only certain alleged grounds of negligence.

The petition charged appellant's agent with driving appellant's truck on the wrong side, that is to say, the left side, of the road to the driver; and further, that it was being so driven while the truck was being operated up a hill, and without the operator having a clear vision of the road in front of him. Further allegation was to the effect that the truck was being driven while it had a defective steering gear, in that the same was broken and worn, to such a degree that it was impossible to control the front wheels or to control the direction in which it was being propelled.

The damages sought to be recovered consisted of injuries to certain personal property being transported on appellee's truck and injuries to the truck, which necessitated repairs in the sum of $177.35.

Appellant answered the petition by a general demurrer, a general denial and certain allegations of contributory negligence on the part of appellee.

The case being tried to a jury, the trial court submitted the cause on special issues, after giving definitions of "negligence," "ordinary care," "proximate cause," "new and independent cause" and "contributory negligence."

The first issue merely required the jury to answer whether or not at the time and place of the collision, "the defendant's car, or any part thereof, was on his left side of the center line of the pavement." The jury answered "yes".

Issue No. 2 then required the jury to find whether or not the fact of the defendant's truck, or a portion thereof, being on the left side of the highway was a proximate cause of the collision. The jury answered "yes."

Issues 3, 4, 5 and 6 are with reference to the rate of speed at which defendant's truck was being operated, and the question of whether or not defendant's truck driver was keeping a proper lookout. These were answered favorably to the defendant.

Issue 7 was in the following language: "Do you find from a preponderance of the evidence that the steering device on defendant's truck was not defective?" The jury answered "No".

Then the jury was asked, in special Issue No. 8, whether such defective steering device was the proximate cause of the injury to plaintiff. The jury answered "yes".

The jury found in answer to special Issue No. 9 that the plaintiff suffered no damages by reason of injury to personal property being transported on plaintiff's truck.

Special Issue No. 10 was submitted as follows: "What amount of money, if paid now in cash, would reasonably compensate the plaintiff for damages sustained to his truck in the collision in question. Answer in dollars and cents." The jury answered, "$117.00."

Issues 11, 12 and 13 were predicated on plaintiff's contributory negligence, and were answered favorably to the plaintiff.

Many objections were made to the court's charge by the defendant below and appellant here, and many were well taken. We shall merely notice those that are pertinent to a decision of this case on this appeal.

On the verdict of the jury, judgment was rendered for appellee against appellant, in the sum of $117. Hence the appeal.

 Merely because appellee did not use in his petition language clearly stating that the negligence of the defendant, as alleged, was a proximate cause of the accident and plaintiff's injuries or damages, furnishes no cause for reversal in the face of only a general demurrer, and this assignment of error will be overruled.

It is noted that plaintiff's petition does not attempt to closely follow the provisions of the Penal Code, attempted to be invoked, namely, Article 801, Subdivision A (P. C.)

and Subdivision B (P. C.) thereof. Subdivision A provides that the driver or operator of any vehicle on a public highway, wherever practicable, shall travel upon the right hand side of the highway, and that on all occasions the operator of any vehicle upon a public highway shall travel upon the right hand side of the same, unless the road on the left hand side of the highway is clear and unobstructed for a distance of at least fifty yards ahead. And Subdivision B provides that vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other one-half of the road as nearly as possible.

The vehicles involved in this collision were proceeding in opposite directions when the accident occurred.

 Because of the condition of the record before us, we hold that the trial court erred in submitting the case to the jury and requiring the jury to find merely whether or not appellant's vehicle, or any part of it, was on the left side of the public highway at the time of the collision, and whether or not the position of the truck at such time was a proximate cause of the collision. In short, this case should be pleaded in the light of the Statute and then be submitted to the jury in such light, if supported by the evidence, and upon another trial, the issue of whether or not the operation of appellant's truck on the left hand side of such highway was negligence, should be submitted.

 What we have said with reference to issues 1 and 2 is equally pertinent to Issues 7 and 8. Issue No. 7 makes inquiry concerning the fact of the steering device on appellant's truck being defective. Should the jury find that it was defective, whether or not the operating of the truck in that condition is negligence is a question of fact for the jury's determination. The trial court erred in this case in assuming to find that the driving of the truck on the left hand side of the highway was negligence, and the driving of the truck with a defective steering device was negligence. Furthermore, Issue No. 7, as worded, puts the burden of proof on the defendant, with reference to the defectiveness of the said steering device, when the burden of proof is clearly upon the plaintiff to sustain such issue.

The objections to the court's charge, because of the errors discussed by us, are distinctly stated and brought forward as

assignments of error, and they are sustained.

Proper objections were made to Issue No. 10, which concerns the damages to appellee's truck, and the assignments of error leveled thereagainst are sustained.

The proper way to submit this issue, under the pleadings as we now find them, is to submit to the jury the issue of whether or not the plaintiff's truck was injured in the collision, and then to follow this issue by one inquiring concerning the reasonable cost of materials and repairs at the place at which same was repaired, made necessary by reason of the collision.

There is another question presented that requires a reversal of the case. Appellant's truck driver testified that a certain portion of the steering device on appellant's truck suddenly broke, and that he lost control of the same, and that this caused the collision. Predicated upon this evidence (and it was uncontroverted) appellant objected to the court's charge because the issue of unavoidable accident was not incorporated therein, and specifically requested the court to charge the jury on the issue of unavoidable accident; all of which the trial court refused to do. The evidence, as presented to us, undoubtedly raises the issue of unavoidable accident, and same should be submitted to the jury upon another trial.

The matters discussed by us are so fundamental and so well established, we have not felt the necessity of citing authorities to support them.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded.