**TINNEY et al. v. WILLIAMS et al.**

No. 5209.

Court of Civil Appeals of Texas. Amarillo.

Oct. 21, 1940.

. Crenshaw, Dupree & Milam, of Lubbock, for appellants.

Alvin R. Allison, of Levelland, for appellees.

STOKES, Justice.

The appellees, V. J. Williams and N. L. Gentry, filed this suit in the county court against appellants, C. W. Tinney and R. Frazier McGuire, to recover $212.50 alleged damages resulting to appellees from an automobile collision. They alleged that on the 9th of October, 1938, they were the owners of a 1938 model Chevrolet coupe, which was being driven by their employee, R. R. Williams, in an easterly direction on Sixth Street in the city of Lubbock; that when he reached the intersection of Avenue K and Sixth Street an automobile owned by the appellants and being operated by L. Pratt, an employee of appellants, emerged from Avenue K and collided with appellees' automobile resulting in the injury complained of. They alleged that immediately prior to the injury their automobile was of the market value of $800 and immediately thereafter its market value was $650.

The case was submitted to a jury upon special issues and the jury found these values to be $600 prior to the injury and $494 immediately afterwards. The court thereupon rendered judgment in favor of the appellees for the sum of $106, being the difference in the market values before and after the collision as found by the jury.

Their motion for a new trial being overruled, appellants duly excepted, gave notice of appeal, and have perfected an appeal to this court, alleging numerous errors, the principal and controlling issues made by which are, first, that there was no proper proof of the alleged damages resulting to appellees from the collision. Secondly, that there was no proof of the agency of Pratt, the driver of appellants' automobile. Thirdly, error in the form of certain special issues submitted by the court, the complaint being that they were duplicitous and in violation of the provisions of Art. 2189, R.C.S.1925, and, fourthly, that the court erred in sustaining the objection of appellees to the introduction of a written statement as an impeachment of the testimony of a witness for appellees.

The first complaint presented by appellants pertains to the manner in which appellees sought to establish the amount of their damages. Appellees alleged the market value of their automobile immediately preceding the collision to be $800 and that immediately thereafter its value was only $650. The evidence introduced by them to establish the damages pertained only to the cost and expense to which they were subjected in having the automobile repaired. The driver of appellees' car testified that he believed the bill was $108 or approximately that amount, and other than this statement there was no evidence as to the amount of appellees' damages. It has many times been held by the courts

that, while a plaintiff may recover for items of expense necessarily incurred in repairing damage inflicted upon his property by the negligence of the defendant, yet the defendant is not necessarily liable for the amount so expended or has agreed to pay. The amount for which he is liable is such as was reasonably necessary to place the property in the condition in which it was before it was damaged. The general rule prevailing in this state by which the measure of such damages should be established is the difference between the market value of the property immediately prior to the injury and its market value immediately thereafter. In cases where the property is susceptible of being restored to its former state, however, it is permissible to allow recovery for the reasonable value of replacements and repairs that are made necessary by the injury. El Paso Electric Co. v. Collins, Tex.Civ. App., 10 S.W.2d 397; Campbell v. Johnson, Tex.Civ.App., 284 S.W. 261; Morris v. Ridenour, Tex.Civ.App., 43 S.W.2d 147; Chicago, R. I. & G. Co. v. Zumwalt, Tex. Com.App., 239 S.W. 912; Pecos & N. T. Ry. Co. v. McMeans, Tex.Civ.App., 188 S.W. 692.

The true measure of damages to personal property which is injured but not totally destroyed is, like other species of damages, founded upon the principle of fair compensation for the pecuniary loss sustained and this can be arrived at much more accurately by observing the market value rule. It includes all recoverable elements of damage and is supported by the great weight of authority as being the general rule. If the damaged property after being repaired is worth less than it was worth before it was damaged, the difference in its value is recoverable. On the other hand, if it is of greater value by reason of the repairs placed upon it than it was before it was injured, manifestly it would not be fair nor just to require the defendant to pay such increase in value in addition to the damages actually caused by his negligence. We think the court erred in rendering judgment upon the findings of the jury in respect to the measure of damages. In the first place there were no pleadings concerning the amount of expense to which appellees were subjected in having their car repaired after the collision and the testimony concerning such items of expense was not admissible. In the second place

there was no evidence to warrant the submission to the jury of special issues concerning the market value. While it is permissible to base a recovery for such damages upon the reasonable cost of replacements and repairs, it can be allowed only under proper pleadings to that effect. Plaintiffs in such cases are not required to allege the measure of their damages. If the facts concerning the injury are alleged and supported by the evidence, the measure of the damage is a question of law for the court, but the pleading must reveal the basis upon which the plaintiff seeks to recover and the measure of the damages will be applied in accordance with the allegations. It is not permissible, therefore, for the plaintiff to allege his damages under the market value rule and then establish them under the rule which allows a recovery of the reasonable cost of repair. To hold otherwise, would violate the fundamental principle of pleading, which is to inform the opposite party of what the pleader expects to prove, and open the way for deception in that respect.

Appellants complain further in this regard that there was no evidence of the reasonableness of the charge made for repairing appellees' automobile. We sustain this assignment. As we have stated, it is permissible for a plaintiff to recover the reasonable expenses incurred by him in having his property restored to its former condition where it is properly pleaded, but defendants in such cases are not liable for the amount paid out by the plaintiff nor for the amount agreed to be paid by him because the defendant was not a party to such agreement. The rule is, therefore, that it must be shown by both pleading and evidence, that the amount so paid out was reasonable and the injured party is permitted to recover only such an amount as would be reasonably incurred in repairing his property and restoring it to its former condition. Kuehn v. Neugebauer, Tex.Civ.App., 204 S.W. 369; Wheeler v. Tyler S. E. Ry. Co., 91 Tex. 356, 360, 43 S.W. 876; Galveston-Houston Electric Ry. Co. v. English, Tex.Civ.App., 178 S.W. 666; Rishworth v. Moss, Tex.Civ.App., 191 S.W. 843; Galveston, H. & S. A. Ry. Co. v. Thornsberry, Tex.Sup., 17 S.W. 521; Missouri, K. & T. Ry. Co. v. Warren, 90 Tex. 566, 40 S.W. 6.

Under their next contention appellants complain of the action of the court in overruling their objections and excep-

tions to certain special issues and in rendering judgment against them thereon because it was not shown by the evidence that L. Pratt, the driver of appellants' automobile, was the agent of appellants or that they were in any manner responsible for his acts and conduct in connection with the collision. The record is devoid of any such evidence and these assignments must likewise be sustained. The law never presumes agency. It is always a fact to be proved and the person who alleges it has the burden of proving it by a preponderance of the evidence. Appellees suggest in their brief that they alleged agency on the part of Pratt and that there was no proof that he was not the employee of appellants. Having alleged agency it was their duty to prove it. Appellees having failed to make proof of the agency of Pratt, the court was not warranted in presuming that he was appellants' agent nor in the various references made to him in the charge in which the court assumed he was such. Winter v. Morgan & Williams, Tex.Civ.App., 256 S.W. 342; J. I. Case Threshing Mach. Co. v. Morgan, Tex.Civ. App., 195 S.W. 922.

■ The next contention made by appellants pertains to the forms of certain special issues, the complaint being that they were duplicitous and assumed the agency of the driver of appellants' automobile when his agency had not been established by the evidence. In issues Nos. 9, 10 and 11, the court submitted to the jury the questions of whether or not the driver of appellants' automobile attempted to cross Sixth Street after appellees' automobile had entered the same; whether or not he failed to yield the right-of-way to appellees' automobile, and whether or not he failed to stop his car before entering the intersection. In the same special issues the court included the questions of whether or not these acts on his part were negligence and whether or not they were proximate causes of the injury to appellees' automobile. These special issues were manifestly multifarious and duplicitous and in gross disregard of the provisions of Art.

2189, R.C.S.1925. By that article the court is required to submit each issue separately and procure separate findings from the jury thereon. It may be true that, in some cases, as contended by appellees, these issues were immaterial since, in answer to special issues Nos. 6 and 7, the jury found that the driver of appellants' automobile failed to maintain such lookout for cars approaching the intersection as a person of ordinary care would have done under the same or similar circumstances, and that such failure was a proximate cause of the injury and damage to appellees' automobile. International-Great Northern Ry. Co. v. Acker, Tex.Civ.App., 128 S.W. 2d 506, and authorities there cited. Special issues Nos. 6 and 7 were erroneous, however, in assuming that L. Pratt was the agent of appellants and that they were responsible for his conduct on the occasion of the collision.

■ The remaining complaint is that the court erred in sustaining appellees' objection to a written statement offered as evidence by appellants that was signed by the driver of appellees' automobile a short time after the collision which they assert was in contradiction of certain statements made by him on the witness stand. The statement was offered in the nature of an impeachment of the witness' testimony. The basis of appellees' objection was that the statement was procured from the witness by the agent of an insurance company and pertained to insurance. If the written statement revealed that it was obtained by the agent of an insurance company, the record does not reveal it. At any rate, the portion of the statement offered by appellants did not contain any reference to insurance or any insurance company and the portion offered was admissible for the purpose for which it was offered.

What we have said demonstrates, we think, that errors were committed in the trial, the nature of which requires a reversal of the judgment. For the errors which we have discussed, the judgment will be reversed and the cause remanded.