**SOUTH PLAINS READY-MIX, Inc.,**
Appellant,

v.

**J. W. McDERMETT, d/b/a Liquefied
Petroleum Gas Company, Appellee.**

No. 6364.

Court of Civil Appeals of Texas.

Amarillo.

March 8, 1954.

Crenshaw, Dupree & Milam, Lubbock,
for appellant.

Paul New, Denver City, for appellee.

PITTS, Chief Justice.

Appellee, J. W. McDermett, doing business as Liquefied Petroleum Gas Company, filed suit in the County Court against appellant, South Plains Ready-Mix, Inc., to recover alleged damages in the sum of $760 for cost of repairs necessarily made to his truck as a result of a motor vehicle collision. Appellee alleged that on or about August 1, 1952, his agent, R. T. Wilson, was operating appellee's 1951 Ford F-8 tractor and trailer in a southerly direction on a public highway in Yoakum County and started to make a left turn therefrom, after giving a proper signal, when appellant's truck, being then operated by appellant's employee, A. Hirst, in a southerly direction also on the same highway, sought

to pass appellee's truck when the operator of appellant's truck negligently crashed into appellee's truck, thus causing a collision and the damages for which suit has been here filed.

The case was tried to a jury which convicted appellant's employee, A. Hirst, of two acts of negligence, each of which was a proximate cause of the collision that resulted in the damages, namely, failure to keep a proper lookout on the occasion of the collision and the operation of appellant's truck at an excessive rate of speed in the light of attending circumstances. The jury likewise acquitted appellee's agent, R. T. Wilson, of any negligence at the said time and place and found that $760 would fairly and reasonably compensate appellee for damages done to his truck and trailer. The trial court awarded appellee such sum by judgment based upon the jury's verdict from which judgment appellant has perfected its appeal.

Appellant has challenged the form of Special Issue No. 22 submitted to the jury on the question of damages and the answer thereto, the said Issue having been submitted in the following language followed by the answer thereto:

> "What amount of money, if any, if paid in cash now do you find from a preponderance of the evidence will fairly and reasonably compensate the plaintiff, J. W. McDermmett, for damages done to his truck and trailer.?
> "Answer: $760.00"

Appellant objected to the Issue and the form thereof prior to the submission of the said Issue and here charges error because of its submission and the answer thereto on the grounds that it was impossible to determine what measure of damages was used by the jury in arriving at its verdict on damages awarded. Appellant further charges error because the Issue and the verdict are not supported by the evidence if based on cost of repairs to appellee's truck and trailer and they are not supported by the pleadings if based upon the difference in market values before and after

the collision and that in any event error was committed because the trial court failed to give any instructions on the measure of damages and thus permitted the jury to speculate on the amount of damages to be awarded without giving it any guide to answer the issue or any limitations as to damages that may be awarded.

In his pleadings appellee alleged that as a result of the collision his truck and trailer were damaged and had to be repaired at a cost of $760 for such repairs. However, the only evidence offered as to the damages sustained was the testimony of appellee, over the objections of appellant, to the effect that the reasonable market value of the truck was $8,400 before the collision and $6,500 after the collision. According to the record the trial court failed to give the jury any instructions on how to arrive at the measure of damages and in submitting the Issue on damages, it likewise failed to limit the damages, if any, to the results of the collision.

As a rule the trial court should instruct the jury definitely as to a correct measure or rule of damages applicable to the issues and facts presented and the jury should be governed by such instructions in arriving at the damages. It is stated in 13 Tex.Jur., pages 430–431, Sec. 254, that:

> "The charge should be so framed as definitely to submit the different elements of damages to be recovered. The rule as to the measure of damages is one of law, and it is impossible to conceive how a jury can correctly apply the principle unless the court instructs them as to the rule in its charge. The failure to do this is more than a mere omission; it is fundamental and reversible error, * * *."

In the case of Houston & T. C. R. Co. v. Buchanan, 38 Tex.Civ.App. 165, 84 S.W. 1073, 1076, the court held that:

> "As to whether damages have been sustained is a question of fact for the jury. The rule to measure these damages is one of law, and it is impossible

to conceive how a jury can correctly apply the rule of law in measuring the damages unless the court instructs them as to the rule in its charge. The failure to do this is more than a mere omission, and we regard it as positive error, in submitting a case of this kind, for the charge to fail to inform the jury as to the rule of law that should govern them in determining from the facts the amount the plaintiff might be entitled to recover." ·

Both parties here cite and rely upon the case of Tinney v. Williams, Tex.Civ.App., 144 S.W.2d 344, 346, by this court. In that case this court said in part:

"If the facts concerning the injury are alleged and supported by the evidence, the measure of the damage is a question of law for the court, but the pleading must reveal the basis upon which the plaintiff seeks to recover and the measure of the damages will be applied in accordance with the allegations. It is not permissible, therefore, for the plaintiff to allege his damages under the market value rule and then establish them under the rule which allows a recovery of the reasonable cost of repair. To hold otherwise, would violate the fundamental principle of pleading, which is to inform the opposite party of what the pleader expects to prove, and open the way for deception in that respect."

In the case of Dallas Railway & Terminal Co. v. Strickland Transp. Co., Tex.Civ. App., 225 S.W.2d 901, 903, this court again held in part that:

"Manifestly it would not be fair to a defendant for the plaintiff to sue for the difference in the market value of the vehicle and then establish his damages by the introduction of various items of the costs of repairs, such as parts, material and labor necessary to restore it to its original condition."

■ If it is not permissible to allege damages under the market value rule and then establish them under the rule of the reasonable costs of repairs, as was held in those cases by this court so cited, then the converse must not be permissible. In the case at bar appellee alleged as a measure of damages the reasonable cost of repairs and then sought to establish, over the objections of appellant, the market value of the truck before and after the collision. Such constituted a variance between the pleadings and the evidence and was objectionable. Under the trial court's charge given without any instructions as to the rule governing the measure of damages, there is no way to tell what measure of damages the jury used in arriving at the damages awarded. Neither did the trial court limit the damages, if any, to the results of the collision, and we have no way of knowing whether the jury so limited the damages or not.

Rule 277, Texas Rules of Civil Procedure, provides in part that:

"In submitting special issues the court shall submit such explanatory instructions and such definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues, * * *."

It has been consistently held that in a damage suit such as this the trial court should instruct the jury as to the proper measure of damages in accordance with the pleadings and the evidence in support thereof. Matthews-Carr v. Brown Exp., Tex.Civ. App., 217 S.W.2d 75. It has likewise been held that, " * * * evidence, however adduced, when there are no pleadings to support it, will not support a judgment." Lone Star Gas Co. v. Holifield, Tex.Civ.App., 150 S.W.2d 282, 286.

■ Because of the variance between appellee's pleadings and the evidence offered in an effort to establish his claims for damages, because of the failure of the trial court to properly instruct the jury on the measure of damages and because the issue submitted on the question of damages was not limited to the damages, if any, which resulted from the collision, it is our opinion that the judgment of the trial court must

be reversed and the cause remanded and it is so ordered. In support of our disposition made of this appeal we cite the following additional authorities: White v. Akers, Tex.Civ.App., 125 S.W.2d 388; Ellis v. Lewis, Tex.Civ.App., 142 S.W.2d 294; Stone v. Boone, Tex.Civ.App., 160 S.W.2d 578; Standard Paving Co. v. Pyle, Tex. Civ.App., 131 S.W.2d 200. Reversed and remanded.