**Claude MORTON, Appellant,**

v.

**Ernestine HUMBER, Appellee.**

**No. 4041.**

Court of Civil Appeals of Texas.

Eastland.

Jan. 21, 1966.

David D. Foster, Underwood, Wilson, Sutton, Heare & Berry, Harlow Sprouse, Amarillo, for appellant.

Jerry R. Hollingsworth, Amarillo, for appellee.

GRISSOM, Chief Justice.

Mrs. Humber bought a house from Mr. Morton. The first time she built a fire in the fireplace the house caught fire because of an unsealed void in the fireplace which caused an up-draft in the attic. The house was damaged but not destroyed. She sued for damages. Mrs. Humber alleged breach of an implied warranty of fitness of the fireplace and that Morton was negligent in allowing an unsealed void to remain in the fireplace, which created an up-draft in the attic and proximately caused the fire. She alleged the difference between the cash market value of her house immediately before and after the fire was $10,000.00 for which she sued. Issue five inquired what

amount of money would reasonably compensate Mrs. Humber for damages caused by the fire. The jury answered $14,000.00. Such submission of the damage issue was objected to as improper under plaintiff's pleading of $10,000.00 difference in market value before and after the fire and, further, because the issue submitted was not pleaded. The damages found in answer to this issue was $14,000.00. The damages alleged was $10,000.00. Judgment was rendered against Mr. Morton for $10,000.00 and he has appealed.

■ Morton's objection to the submission of said issue should have been sustained. Contrary to appellee's contention, submission of issue 5 cannot be sustained upon the theory that, although not pleaded, it was tried by consent. Appellant properly objected to its submission. Our Supreme Court has held that although an appellant does not object to testimony relative to an issue not pleaded if he objects to its submission on some tenable ground he cannot be held to have impliedly consented to a trial thereof without pleadings. Harkey v. Texas Employers' Insurance Association, 146 Tex. 504, 208 S.W.2d 919, 922.

■ The court erred in submitting said issue over appellant's objection. The jury was thus permitted to find appellee's damages without regard to her pleadings and without instructions from the court and it did find $4,000.00 more damages than appellee even claimed. The error was manifestly harmful to appellant. South Plains Ready Mix, Inc. v. McDermett, Tex.Civ. App., 278 S.W.2d 575, 577; Dallas Railway and Terminal Company v. Strickland Transportation Company, Tex.Civ.App., 225 S.W. 2d 901; Crain v. West Texas Utilities Company, Tex.Civ.App., 218 S.W.2d 512, 514, (Ref. N.R.E.) Tinney v. Williams, Tex.Civ. App., 144 S.W.2d 344, 346; Lone Star Gas Company v. Holifield, Tex.Civ.App., 150 S.W.2d 282, 285; Burns v. Lamb, Tex.Civ. App., 312 S.W.2d 730, 734. All other points are overruled. The judgment is reversed and the cause is remanded.