Sam. M. ROSENTHAL et al., Appellants,

v.

TEXAS BANK & TRUST COMPANY, Appellee.

No. 4683.

Court of Civil Appeals of Texas, Eastland.

Sept. 5, 1974.

Rehearing Denied Oct. 4, 1974.

Douglas E. Yeager, Berman, Fichtner & Mitchell, J. Manuel Hoppenstein, Hoppenstein & Prager, Henry Klepak, Dallas, for appellants.

Philip Wilson, Brady, Drake & Wilson, Harold C. Abramson, Dallas, for appellee.

McCLOUD, Chief Justice.

Plaintiff, Texas Bank & Trust Company, the Successor Trustee of the Employee Profit-Sharing Plan and Trust Agreement of Samuels and Company, Inc., sued defendants, Sam M. Rosenthal, Rube Rosenthal, Max L. Tobolowsky, Steve Aaron and Joe Golman, former trustees of the Plan and Trust, alleging the defendants were liable to the Plan and Trust because of a $150,000 loan made by the Plan and Trust to Samuels and Company on or about March 20, 1969, when the defendants were serving as trustees of the Plan and Trust. At the close of the evidence all defendants filed motions for directed verdict. The motion of Joe Golman was granted and he is not involved in this appeal. The motions of the other defendants were denied. The case was then submitted to the jury on special issues and judgment entered against the defendants, jointly and severally, for $117,270 which is the difference between the alleged $150,000 loan and the amount received by plaintiff from the trustee in bankruptcy of Samuels and Company.

Defendants, Sam M. Rosenthal, Rube Rosenthal, Max L. Tobolowsky and Steve Aaron have appealed. We reverse and remand.

Defendants contend the trial court committed reversible error in submitting special issues which were not supported by the pleadings. We agree.

It is abundantly clear from plaintiff's petition that its cause of action is based upon an alleged wrongful loan of $150,000 made by defendants, as trustees of the Plan and Trust, to their employer, Samuels and Company, on or about March 20, 1969. Plaintiff alleged that in "negotiating, approving and granting" the $150,000 loan on or about March 20, 1969, to their employer, defendants were guilty of actual fraud, constructive fraud, negligence and breach of a confidential relation. See Texas Trust Act, Article 7425b–10, Vernon's Ann. Civ.St.

There is no evidence in the record that any "new" money was loaned to Samuels and Company on March 20, 1969. The record reflects that on that date a "Security Agreement and Combined Note" was executed whereby the "Debtor," Samuels and Company, promised to pay the "Secured Party," Employee-Profit Sharing Plan of Samuels and Company, the sum of $150,000. Under the agreement the "Debtor" conveyed to "Secured Party" a security interest in certain collateral to secure the note. Also, on March 20, 1969, Samuels and Company executed a deed of trust to secure the $150,000 note.

It is clear from the record that the $150,000 note dated March 20, 1969, represented monies which had been loaned by the Plan and Trust to Samuels and Company, over a period of several months.

All of plaintiff's theories of recovery as set out in its petition are based on the negotiating, approving and granting of an alleged loan on or about March 20, 1969. The court, however, in its charge did not ask the jury to determine if such alleged loan was negotiated, approved and granted on or about such date. Instead, the court asked the jury in a series of liability issues if the defendants "approved the Deed of Trust, Security Agreement and Combined Note" on or about March 20, 1969.

Defendants filed numerous objections to the submission of such issues including the objection that there were no written pleadings to support the submission. Plaintiff did not allege that defendants were liable because they "approved" a deed of trust, security agreement and note on or about March 20, 1969. Plaintiff's theory of recovery was the wrongful lending of money, not the approval of certain documents.

We hold that the liability issues submitted by the court wherein the jury was asked to find if the defendants "approved" the deed of trust, security agreement and note, were not supported by the written pleadings. The court committed reversible error in submitting such issues over the

objections of defendants. Morton v. Humber, 399 S.W.2d 831 (Tex.Civ.App.—Eastland, 1966, no writ); Missouri-Kansas-Texas Railroad Co. v. Franks, 379 S.W.2d 415 (Tex.Civ.App.—Eastland 1964, writ ref'd n.r.e.); Murray v. Brazzel, 438 S.W.2d 382 (Tex.Civ.App.—Waco 1969, writ ref'd n.r.e.).

Plaintiff's reliance upon Chapman v. Crichet, 127 Tex. 590, 95 S.W.2d 360 (Tex.Sup.1936) is misplaced. Plaintiff is not suing on the promissory note signed by Samuels and Company. Plaintiff's pleaded theory of recovery against the defendants is that they as trustees wrongfully loaned money to Samuels and Company.

The judgment of the trial court is reversed and the cause remanded. Hicks v. Matthews, 153 Tex. 177, 266 S.W.2d 846 (1954).

In view of our holding it is not necessary to pass upon defendants' other points.