**HAIGH et al. v. CALHOUN et al.**

No. 5924.

Nov. 8, 1948.

Court of Civil Appeals of Texas. Amarillo.

Rehearing Denied Dec. 13, 1948.

H. H. Cooper, of Amarillo, for appellants.

Clem Calhoun and Harris M. Kimbrough, both of Amarillo, for appellees.

PITTS, Chief Justice.

This appeal is from an action in trespass to try title filed by appellants, Frank Gilvin and Regene Haigh, joined by her husband E. S. Haigh, against appellees, Harold S. Richey and Aida Gilvin Calhoun, joined by her husband Clem Calhoun. Appellants sued for title to Lot 4, Block 9

of San Jacinto Heights Addition to Amarillo, in Potter County, Texas. Trial was had to the court without a jury and judgment was rendered awarding to appellants jointly an undivided one-third interest in the said land and awarding to appellees, Frank Gilvin and Aida Gilvin Calhoun, each an undivided one-third interest in the said land, with the title to their respective interests therein quieted.

■ Appellants perfected their appeal and at their request the trial court filed its findings of fact and conclusions of law. The record does not contain a statement of facts and appellants do not challenge or except to any of the trial court's findings. We must therefore accept the said findings as true and if they support the trial court's judgment, all parties are bound thereby.

Mrs. C. A. Pollan, a widow, was the common source of title to the land in question. Appellants were the only heirs at law of John B. Gilvin, deceased, whom the trial court found acquired legal title to the said land during his lifetime of date June 21, 1928. Appellants contend that no finding was made divesting John B. Gilvin or his heirs of the title to the said land and that appellants are therefore entitled to judgment for all of the land as the sole heirs of John B. Gilvin, deceased. Appellees concede that no such divestiture of title to the said land was ever shown or sought to be shown by them. Appellees contend and sought to show that John B. Gilvin did not acquire the legal title or the fee simple title to the said land for himself only or for his sole benefit but that he acquired such jointly for himself, Will D. Gilvin, and appellee Harold S. Richey, and for their joint benefits. They admit that appellants are entitled to a joint undivided one-third interest in the said land as the sole heirs of John B. Gilvin deceased. But they further contend that Will D. Gilvin died on September 16, 1945, and his widow, Aida Gilvin Calhoun, one of the appellees herein, succeeded him as owner of an undivided one-third interest in the said land and appellee, Harold S. Richey, continues to own his undivided one-third interest in the same.

It appears that the findings of the trial court are such as to show that John B. Gilvin held legal title to the land in question jointly for himself, Will D. Gilvin, and Harold S. Richey, and at the time of his death, John B. Gilvin claimed only an undivided one-third interest therein and conceded that the remainder of the said tract of land belonged to appellees. Such being the case, it appears that the trial court sustained the contentions of appellees and rendered judgment accordingly. If its findings support the judgment, the same must be sustained by this Court.

■ A well recognized rule applicable to such transactions as the trial court found these parties had is clearly stated in 42 Tex.Jur. 638, Paragraph 36, as follows: "While a court of law looks only to legal ownership according to the deeds evidencing title from the common source, equity keeps its eye on the consideration that passed and protects the party who furnished it. In other words, the beneficial estate follows the consideration and attaches to the person from whom it came. Where only part of the purchase money was contributed by the person whose name does not appear in the deed, his ownership extends to the proportion that his contribution bears to the total price."

The said rule is supported by numerous authorities there cited.

In passing upon the evidence, the trial court concluded and so announced that equity will look beyond the letter of the law in its efforts to find justice, so long as no law is violated. In passing upon the weight of the evidence the trial court apparently took into consideration carefully all the circumstances and the handicaps under which appellees were laboring in an effort to present the evidence to support their theory of the case. In its conclusions, the trial court made mention of the fact that the provisions of Article 3716, Revised Civil Statutes, known as the "Dead Man Statute," closed the mouth of appellee Harold S. Richey about any joint enterprises or partnership transactions he may have formerly had with John B. Gilvin, deceased, and Will D. Gilvin, deceased, during their lifetime unless he

was called to testify about such by the opposite party, leaving appellees to resort only to a chain of circumstances to support their theory of the case. As a result of its findings hereinafter stated the trial court concluded in effect that the three beneficial owners of the land in question, namely: John B. Gilvin, Will D. Gilvin, and Harold S. Richey, must have had some sort of an arrangement between themselves and satisfactory to themselves during the lifetime of John B. Gilvin and Will D. Gilvin that gave each of them an undivided one-third interest in the said land since John B. Gilvin recognized such to be true until he died. The trial court further found and concluded that inasmuch as John B. Gilvin recognized the joint ownership of Will D. Gilvin and Harold S. Richey in the said land during his lifetime and since John B. Gilvin never claimed more than one-third undivided interest in the said land during his lifetime, his heirs cannot now claim more than the one-third undivided interest in the said land.

The trial court's findings are lengthy and will not be fully copied herein. It found in effect that John B. Gilvin, Will D. Gilvin and Harold S. Richey had for some seventeen or eighteen years prior to the death of Will D. Gilvin on Sptember 16, 1945, and the death of John B. Gilvin some five months thereafter on February 20, 1946, been joint owners of the tract of land involved in this suit together with two other tracts of land situated in Amarillo, Potter County, Texas; that the legal title to the land in question and that of one of the other tracts were vested in John B. Gilvin while the legal title to the other tract mentioned was in the name of appellee, Harold S. Richey; that John B. Gilvin had repeatedly recognized such joint ownership during his lifetime by rendering all three of the said tracts of land for taxes as belonging to "Gilvin, Gilvin, and Richey," the last such rendition for taxes having been made by him in 1945 before he died early the next year; that in 1941 John B. Gilvin, as executor under the provisions of the will of his deceased wife, returned an inventory and appraisement under oath in which he listed as community property owned by himself and his deceased wife an undivided one-third interest in the land here involved as well as an undivided one-third interest in each of the other said tracts of land owned jointly by them; that in 1946 the original inventory of the estate of John B. Gilvin, deceased, listed an undivided one-third interest in the land here involved as belonging to the said estate; that the listing was subsequently changed by order of the County Judge upon an application made by the administrator at the suggestion of an attorney in the case to include the whole of the said tract of land but the trial court concluded that the County Judge had no authority to divest appellees as beneficial owners of their interest in the said land by ordering such a change of the said listing in the inventory of the said estate; that subsequent to the death of Will D. Gilvin and John B. Gilvin, appellee, Harold S. Richey, sold that tract of land held in his name for the joint benefit of himself and the heirs of Will D. Gilvin, deceased, and John B. Gilvin, deceased, and delivered one-third of the proceeds of the sale of the same to the administrator of the estate of John B. Gilvin, deceased, for the benefit of appellants herein. Other findings and conclusions were filed by the trial court but they do not materially affect its judgment and they need not be here recited. However, the trial court further found that on three different occasions during the years of 1934, 1936, and 1939, John B. Gilvin and Will D. Gilvin, joined by their wives, executed deeds of trust covering the property here involved together with other property to secure indebtedness and in each instance the instruments recited that Will D. Gilvin had no legal or equitable interest in the property there described but the same was the community property of John B. Gilvin and wife. The trial court further found that John B. Gilvin thereafter repeatedly recognized the land here involved as belonging jointly to himself and Will D. Gilvin and appellee, Harold S. Richey, as heretofore stated and, that being true, it appears that the trial court did not seem to attach much importance to such recita-

tions formerly made in the said deeds of trust.

As a result of its finding the trial court concluded in effect that a parol trust had been established and that John B. Gilvin had been holding the legal title of the land in question jointly for himself, Will D. Gilvin and appellee, Harold S. Richey. In the case of McBride v. Briggs, Tex.Civ.App., 199 S.W. 341, Chief Justice Huff, speaking for this Court in a similar case, held that in proving a parol trust the amount of evidence offered is not significant but the question to be determined is whether or not the supporting evidence is clear and reasonably certain. There being no statement of facts in the record, we do not know what evidence was offered but it must have been clear and satisfactory in quality and credibility to the trial court and its findings are not challenged in this Court. As a result of its findings, the trial court concluded that it "could render no judgment other than one that gives to the plaintiffs all that John B. Gilvin claimed while he was alive, but no more" and judgment was rendered accordingly. After a careful examination of the record and the briefs it is our opinion that the findings of the trial court support its judgment. Appellants' points to the contrary are overruled and the judgment of the trial court is affirmed.