**SOUTHWESTERN MOBILE HOMES, INC.,**
Appellant,

v.

**PANEL CORPORATION OF AMERICA,**
Appellee.

No. 24.

Court of Civil Appeals of Texas.

Tyler.

Dec. 19, 1963.

Cecil D. Elfenbein, Dallas, for appellant.

John D. Crawford, Locke, Purnell, Boren, Laney & Neely, Dallas, for appellee.

SELLERS, Justice.

Plaintiff in the lower court, appellant here, brought this suit upon a contract for the gross sum of $92,678.00 against the Panel Corporation of America, defendant in the lower court, appellee here, alleging it to be a foreign corporation, same being incorporated under the laws of the State of Colorado.

In paragraph one of plaintiff's original petition, it is alleged:

"Plaintiff is a Texas corporation with its principal office in Dallas, Texas. The Defendant is a foreign corporation with its principal office at 745 South Cherokee Street, Denver, Colorado. Defendant does not have a permit to business in Texas and has no registered agent for service of process in Texas. Service of process on Defendant may be had through the Secretary of State of the State of Texas pursuant to Article 2031(b) V.A.T.S."

In pursuance of the above allegation, the plaintiff served citation on the Secretary of State of the State of Texas, seeking to secure jurisdiction of the defendant.

The defendant, under Rule 120a of the Rules of Civil Procedure of the State of

Texas, filed what is denominated as a special appearance of the appellee in the trial court for the purpose of determining whether or not the plaintiff had acquired jurisdiction over the defendant by serving of citation upon the Secretary of State of the State of Texas. In this special appearance, the appellee negatives practically every provision of Article 2031b of the Revised Civil Statutes of Texas under which the appellant sought to acquire jurisdiction over the appellee.

In answer to this special appearance, the appellant filed its affidavit in support of upholding the jurisdiction over the appellee. This affidavit specifies the grounds upon which the appellant relied to support jurisdiction in the trial court. We quote from said affidavit:

"That Panel Corporation of America, the defendant, hereinafter referred to as 'Pancoa', entered into a contract with Southwestern Mobile Homes, Inc. whereby the latter named company was to manufacture at its plant in Grand Saline, Texas, certain wing panels specified by Pancoa.

"That Pancoa and its chief executive, T. Paul Jones, knew that the defendant's only place of business was in Grand Saline, Texas and that any work given to Southwestern Mobile Homes would be performed at that place.

"That on several occasions representatives of Pancoa came to plaintiff's place of business in Grand Saline, Texas to inspect and control the manufacturing process.

"That by the terms of the contract between the parties, representatives of Pancoa were present during the life of the contract for in process inspection and final inspection of Southwestern Mobile Homes, Inc.'s production

"Under normal commercial practices, title to the material passed when the goods were inspected and accepted by the representatives of the purchaser, Pancoa, at the plant of Southwestern Mobile Homes, Inc. in Grand Saline, Texas."

To this affidavit the appellee filed a number of exceptions and objections to its consideration.

On the 9th day of March, 1963, the trial court, after due notice, had a hearing upon the special appearance of the appellee, as well as the controverting affidavit by the appellant, and in its order held that the appellee, defendant in the trial court, be and is hereby dismissed from the cause.

After this hearing and judgment by the court, the appellant, plaintiff in the trial court, requested of the court that he make findings of fact and conclusions of law which was done by the trial court and are in the record. No statement of facts accompanied this record; and it would serve no useful purpose to set out at length the findings of fact by the trial court, but we deem it sufficient to say that every fact that would tend to sustain the jurisdiction of the court under Article 2031b, Sections 3 and 4, were found against the contention of the appellant.

There are no exceptions or objections to the findings of fact by the trial court in the record, and in this situation this court is bound by the findings of the trial court on all issues in the case. Citing Haigh et al. v. Calhoun et al., Tex.Civ.App., 215 S.W.2d 426:

"Where the record contained no statement of facts and appellants did not challenge or except to any of the trial court's findings the court of appeals must accept the findings as true and if they support the trial court's judgment, all parties are bound thereby."

It is our opinion that the judgment of the trial court must be in all things affirmed.