BENDIX HOME SYSTEMS,
INC., Appellant,

v.

Martin W. KISSMAN et al., Appellees.

No. 8126.

Court of Civil Appeals of Texas,
Beaumont.

Nov. 30, 1978.

Rehearing Denied Dec. 21, 1978.

Terrence Kendall, Austin, for appellant.

Richard W. Alexander, Austin, for appellees.

CLAYTON, Justice.

Plaintiffs brought this action against J. W. Laney, individually and d/b/a Smithville Mobile Homes, and Bendix Home Systems, Inc., for treble damages and attorney fees under the Texas Business and Commerce Code. In a non-jury trial judgment was entered for the plaintiffs in the sum of $23,748.81 against Bendix and for $1.00 against Lane. Bendix alone has appealed from this judgment.

Plaintiffs purchased a mobile home from Laney, the manufacturer was Bendix. This cause of action was based upon breach of express and implied warranties. Their basic complaints are that they purchased a "modular" mobile home but were delivered and sold a double-wide mobile home, that there were numerous specified "structural defects" that rendered the mobile home unfit for habitation, and that Laney incorrectly transmitted their order to Bendix, resulting in the mobile home being in several respects different from the home ordered

**472**

by plaintiffs. The relief sought by plaintiffs in their petition was that "as a direct result of the defects and design discrepancies . . . plaintiffs have revoked their acceptance of the mobile home" and sought to "recover the market price of a mobile home" which was stated to be approximately twenty-two thousand dollars. Plaintiffs also sought damages for "incidental and consequential damages," the "cost of moving from their current mobile home to the replacement, and any reasonable expenses for temporary lodging, pending the delivery and assembly of their replacement mobile home." Plaintiffs sought treble damages under the Texas Deceptive Trade Practices and Consumer Protection Act, and for attorney's fees.

■ Appellant's first point urges error of the trial court in not entering a "take nothing" judgment against plaintiffs in that plaintiffs did not reasonably reject the mobile home made the basis of their suit. We need not consider this point because plaintiffs concede in their brief: "It is clear that the trial court did, by necessary implication, spurn [plaintiffs'] revocation of acceptance theory of recovery and awarded damages on another theory—namely, damages based on the reasonable cost of repair of the defectively designed and manufactured mobile home. . . . [Plaintiffs] have elected to waive this possible cross assignment of error for purposes of this appeal and proceed to demonstrate that the court properly awarded damages for cost of repair." This concession disposes of plaintiffs' revocation of acceptance theory of recovery; there is no evidence of damages arising from a breach of warranty theory of recovery.

The trial court, in its findings, held that "[t]he fair market value of and the usual and reasonable cost of repairing and replacing the defective conditions and repairing the damages caused thereby is $7,916.27."

The trial court concluded "[p]laintiffs are entitled to treble the aforesaid actual damages, which sum is $23,748.81." From this finding and conclusion, it is clear the judgment was based upon the damages arising from the cost of repairs resulting from the defective conditions of the mobile home.

The only evidence in the record as to reasonable cost of repairs came from the Witness James Blount. In attempting to give his estimate of repair costs, the following appears in the statement of facts:

"MR. KENDALL: Your Honor, I would object to any attempt to introduce the prices of these particular items; that is not what the plaintiffs sued for. He has a suit on the basis he has revoked his contract and wants his money back and exemplary damages as well. He is not suing for the cost of making certain repairs.

"THE COURT: (To Counsel)—What is the purpose of making the estimate of repairs?

"MR. KUHN: Just to show, your Honor, just how serious the matter of the damage is, the amount of money it would take to make this home a livable home.

"THE COURT: I don't know what purpose it would serve.

"MR. KUHN: All right. I pass the witness.

"THE COURT: I don't see any purpose in it, but go ahead and get this covered if you want to.

"MR. KENDALL: Your Honor, we would have a running objection on that.

"THE COURT: Yes. The Court is not going to consider it in the lawsuit. I don't see that it will hurt anything. (To the Witness)—Go ahead.

"A: The total cost—

"MR. KENDALL: Your Honor, would have a running objection on that.

"A: The total cost to repair this would be $7,916.27."

■ The above statements constitute the only evidence in the record with reference to cost of repairs. We agree with defendant where he states in his brief, "We respectfully submit that there is a complete absence of evidence of a vital fact (the cost of repairs) in the instant case, because the court agreed to exclude and not to consider

Mr. Blount's estimate of that cost." When the court announced that "[t]he Court is not going to consider it in the lawsuit," the judge meant just what he said even though he told the witness to "go ahead" after stating that "I don't see that it will hurt anything." The judge stated he would not consider the evidence, and it does not appear anywhere in the record that he ever, at any time, changed his mind or his ruling upon the objection. Defendant had every reason to believe the judge, and to respect his ruling; consequently, he had every reason for not presenting any evidence to contradict or disprove this amount of cost of repair. He had the right to rely upon, and obviously did rely upon, the court's announcement that he would not consider the evidence. Moreover, the evidence would not have been admissible for the purpose of proving cost of repairs because the same was not properly in issue. Upon a very careful reading of plaintiffs' petition and their relief sought, it is clear that they did not assert a cause of action nor seek damages for reasonable cost of repairs arising from any defective condition. The revocation of acceptance theory of recovery had been waived; there is no evidence of any damages arising from breach of warranty, and there is no evidence of and no relief sought for reasonable cost of repairs to any defective condition of the mobile home.

There being no evidence of damages of probative value to support the judgment of the trial court, the judgment is reversed and rendered that plaintiffs take nothing as to their cause of action against Bendix.

Reversed and RENDERED.