Martin W. KISSMAN et al., Petitioners,

v.

BENDIX HOME SYSTEMS,
INC., Respondent.

No. B–8229.

Supreme Court of Texas.

Oct. 3, 1979.

Kuhn, Collins & Alexander, Richard W. Alexander, Austin, for petitioners.

Kendall, Randle, Finch & Osborn, Terrence Kendall, Austin, for respondent.

CAMPBELL, Justice.

This case began as a deceptive trade practice case involving the sale of a mobile home. The primary question on this appeal is whether the pleadings were sufficient to allow evidence of cost of repairs. Plaintiff, Kissman, in a nonjury trial, recovered judgment against Laney, seller of the mobile home for $1.00, and against Bendix, the manufacturer, for $23,748.81 plus attorney's fees and court costs. Only Bendix appealed, and the Court of Civil Appeals reversed the trial court judgment and rendered judgment that Kissman take nothing. 582 S.W.2d 471.

The petition alleged:

(1) Kissman ordered from Laney a modular mobile home but received a "double-wide" mobile home;

(2) Representing "double-wide", to be "modular" was an express warranty of description under the Texas Business and Commerce Code and was a deceptive trade practice;

(3) There were 18 defects in the home, some of which were never repaired;

(4) The defects rendered the mobile home "unfit" as a home, breaching an implied warranty of fitness;

(5) Their order was incorrectly taken by Laney;

(6) The failure of Laney and Bendix to negotiate was a violation of Laney's implied warranty of merchantability;

(7) Kissman revoked his acceptance;

(8) Kissman sought to recover the market price of a mobile home ($22,000.00) as warranted by Laney and Bendix and incidental and consequential damages of the cost of moving to a replacement home and expenses for temporary lodging as provided by Section 2.715, Texas Business & Commerce Code.

Kissman prayed judgment against defendants, jointly and severally, for three times the actual damages as outlined above, ($72,000.00), attorney's fees, costs, and for such further relief to which they may be justly entitled.

Kissman, by his last witness, attempted to offer evidence on the cost of repairs. Bendix's objection, the trial court's remarks, and the witness' answer is as follows:

"MR. KENDALL: Your Honor, I would object to any attempt to introduce the prices of these particular items; that is not what the plaintiffs sued for. He has a suit on the basis he has revoked his contract and wants his money back and exemplary damages as well. He is not suing for the cost of making certain repairs.

"THE COURT: (To Counsel)—What is the purpose of making the estimate of repairs?

"MR. KUHN: Just to show, your Honor, just how serious the matter of the damage is, the amount of money it would take to make this home a livable home.

"THE COURT: I don't know what purpose it would serve.

"MR. KUHN: All right. I pass the witness.

"THE COURT: I don't see any purpose in it, but go ahead and get this covered if you want to.

"MR. KENDALL: Your Honor, we would have a running objection on that.

"THE COURT: Yes, the Court is not going to consider it in the lawsuit. I don't see that it will hurt anything. (To the Witness)—Go ahead.

"A: The total cost—

"MR. KENDALL: Your Honor, we would have a running objection on that.

"A: The total cost to repair this would be $7,916.27."

In its findings of fact, the trial court found the reasonable cost of repairing the damages to be $7,916.27, and entered judgment for three times this amount. Because Kissman did not assert a cause of action nor seek damages for cost of repairs, the Court of Civil Appeals held evidence on cost of repairs was not admissible.

■ Evidence of cost of repairs is not admissible if pleadings allege only the difference in the market value before and after a collision. *Tinney v. Williams,* 144 S.W.2d 344 (Tex.Civ.App.—Amarillo 1950, no writ). Evidence of market value before

and after a collision is not admissible under allegations of cost of repairs. *South Plains Ready-Mix, Inc. v. McDermett,* 278 S.W.2d 575 (Tex.Civ.App.—Amarillo 1954, no writ).

■ Pleadings are sufficient under the Rules of Civil Procedure if they give fair and adequate notice to the adversary. *Stone v. Lawyers Title Insurance Corporation,* 554 S.W.2d 183 (Tex.1977). Rule 45, T.R.C.P. provides:

Pleadings in the district and county courts shall

(a) be by petition and answer.

(b) consist of a statement in plain and concise language of the plaintiff's cause of action or the defendant's grounds of defense. That an allegation be evidentiary or be of legal conclusion shall not be ground for objection when fair notice to the opponent is given by the allegations as a whole.

Kissman's trial pleadings do not give fair notice of a claim for reasonable and necessary cost of repairs. The variance between the pleadings and proof is substantial, misleading, and prejudicial and therefore, fatal. *Stone v. Lawyers Title Insurance Corporation, supra.*

■ The prayer for general relief is of no assistance because a prayer must be consistent with the facts stated as a basis for relief. *Starr v. Ferguson,* 140 Tex. 80, 166 S.W.2d 130 (1942). Only the relief consistent with the theory of the claim reflected in the petition may be granted under a general prayer. *Jennings v. Texas Farm Mortg. Co.,* 124 Tex. 593, 80 S.W.2d 931 (1935).

■ Kissman urges the Court of Civil Appeals should have remanded the cause for a new trial because Bendix did not make a pre-judgment motion or motion for new trial on the no evidence point relied upon by the Court of Civil Appeals. To support his position that the proper appellate predicate had not been made for an appeal, he relies on *Gillespey v. Sylvia,* 496 S.W.2d 234 (Tex.Civ.App.—El Paso 1973, no writ) and *Southwestern Mobile Homes, Inc. v. Panel Corp. of America,* 373 S.W.2d 879 (Tex.Civ.App.—Tyler 1963, no writ). These

cases are not in point. *Gillespey* was a jury case in which a motion for new trial was required prior to the Amendment of Rule 324, T.R.C.P. In *Southwestern Mobile Homes* no statement of facts was presented to the Court of Civil Appeals. A statement of facts was filed with the Court of Civil Appeals in this case; therefore, objections to the findings of fact can be raised for the first time on appeal. *Swanson v. Swanson,* 148 Tex. 600, 228 S.W.2d 156 (1950).

This brings us to the final question of whether this case should be remanded in the interest of justice.

The ends of justice do not require a remand in every instance where a case was tried on the wrong theory, *City of Fort Worth v. Pippen,* 439 S.W.2d 660 (Tex.1969), or where the evidence. was not fully developed, *Jackson v. Ewton,* 411 S.W.2d 715 (Tex.1967).

This case was tried on the one theory of recovery pleaded by Kissman and this theory was waived by him in the Court of Civil Appeals. He did not request a trial amendment. Judgment of only one dollar was had against Laney who is no longer in the case. The parties cannot be returned to the positions they previously occupied because a remand would require a trial only against Bendix. A remand would not be in the interest of justice.

The judgment of the Court of Civil Appeals is affirmed.