In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-570 CV


____________________



LINDA TURNER, Appellant



V.



LEWIS TURNER, Appellee






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 05-01-00404-CV






 MEMORANDUM OPINION


 Linda Turner appeals the trial court's judgment that both awarded Lewis Turner 
breach of contract damages and ordered rescission of the contract. Linda also appeals the
trial court's denial of her request for attorney's fees and contends that there was no evidence,
or insufficient evidence, to support the trial court's damage awards for infliction of bodily
injury and intentional infliction of emotional distress. We reverse and render in part and
affirm in part, as reformed. 

Background

 Lewis and his wife of forty-five years, Linda, entered into a "Partition and Exchange
Agreement" (the "Agreement"), dated July 8, 2003, after Lewis began living with another
woman. Lewis and Linda did not divorce. 

 Under the Agreement, Lewis and Linda mutually divided their community marital
estate into separate property. In return, Linda gave Lewis the right to receive $800 per month
from the tire store and the right to work the family farm and receive half of the farm income
after payment of farm expenses. In a separate agreement, not referenced by the Agreement
at issue, Lewis deeded his interest in the farm and tire store property to his daughter and step-son. The effect of these two agreements accomplished Lewis's transfer of his real property
and reserved his right to receive a portion of the income generated by the farm and the tire
store. At trial, Lewis testified that he entered into these transactions in an effort to ensure
that his children received "their inheritance" in the event that he continued his extra-marital
relationship.

 After executing the Agreement, Lewis began receiving $800 per month from the tire
store and continued to work on the farm. Lewis returned to his home with Linda in the Fall
of 2003.

 In December 2003, Lewis apparently had a change of heart; he told Linda he had
decided to return to the other woman. According to Lewis, Linda responded by shooting him
with a pistol. Linda expressed her intention to kill Lewis, but Lewis persuaded her to take
him to the hospital based on his promise to tell the hospital personnel that his abdominal
wound had been self-inflicted.

 Linda denied that she shot Lewis and claimed that she had no recollection of the
event. Additionally, Linda stated that she did not refuse Lewis's request to take him to the
hospital. Linda was acquitted on criminal charges that arose from Lewis's gunshot wound. 

 Other witnesses testified about the circumstances that led to Lewis's injury. Lewis
and Linda's daughter, Sammie Young, testified that Linda was extremely upset about
Lewis's relationship with the other woman and stated that Linda said that she was going to
kill Lewis. According to Sammie, she asked Linda why she shot Lewis. Linda said that
Lewis had worked her "like a dog all day long," she had endured enough, and that if Lewis
was going to return to the other woman, Linda "was going to kill him so she shot him." 

 Dusty Young, Lewis and Linda's grandson, testified that he and Linda were extremely
close before he moved away to attend college. Dusty explained that he worked with Linda
at the tire store and that he was aware of Lewis's relationship with the other woman. Dusty
related that before the date of the shooting, Linda made several comments regarding killing
Lewis. After the shooting, Dusty contacted Linda and asked her why she did it. Linda told
him that she "wasn't trying to kill him. That if she wanted to kill him, she would have shot
him in the head." Lewis did not return to work on the family farm after Linda shot him, and
in February 2004, Linda stopped sending him money from the tire store. Lewis estimated
that, as of the date of trial, he should have received $24,000 in payments from the tire store. 

 Lewis testified that although able to do so as of June 2004, he did not return to work
on the farm because he feared for his life. With the assistance of his daughter, Lewis took
farm equipment from the family farm that he then used to cut and bale hay for others. Lewis
maintained, however, that he left Linda with sufficient equipment on the family farm to
continue to bale hay. Lewis testified that he ceased receiving his share of the farm income
in 2003, and estimated that Linda owed him $45,000 for his share of the farm's income for
the past several years. At the time of trial, Linda and Lewis were still married.

 Lewis sued Linda and asserted claims for breach of contract, conversion, infliction
of bodily injury, and the intentional infliction of emotional distress. Among other remedies,
Lewis requested rescission of the Agreement. Linda filed counterclaims that included a
conversion claim, and in her prayer, she requested an award of attorney's fees. 

 Following a bench trial, the trial court found in Lewis's favor based on his claims for
breach of contract, conversion, infliction of bodily injury, and intentional infliction of
emotional distress. The trial court denied Lewis's request for attorney's fees and denied
Linda relief on her counterclaims. The trial court's judgment awarded Lewis damages of
$79,000 for Linda's breach of contract, $150,000 on his personal injury claim, and $50,000
for his emotional distress. The trial court also ordered Linda to return Lewis's personal
property, enjoined Linda from interfering with Lewis's access and ability to operate the farm
and from harassing or injuring Lewis, and rescinded the Agreement. The trial court did not
file findings of fact or conclusions of law. 

 Linda filed a motion for new trial that was denied by operation of law. In her appeal,
Linda asserts: (1) Lewis was not entitled to rescission of the Agreement and cannot receive
both breach of contract damages and rescission; (2) there was no evidence, or alternatively,
insufficient evidence to support the trial court's bodily injury and emotional distress awards;
and (3) the trial court erred in failing to award Linda's attorney's fees as provided in the
Agreement.

Analysis

 A. Was Lewis entitled to both rescind the Agreement and recover damages for its
breach?


 In her first issue, Linda argues that it was error for the trial court to both rescind the
Agreement and award Lewis $79,000 in actual damages for breach of contract. Linda
maintains that absent fraud or mistake, Lewis is not entitled to rescind the Agreement. She
also maintains that even if entitled to rescission, Lewis is not entitled to receive both
remedies. We note that Linda does not dispute the trial court's finding that she breached the
Agreement, and she does not complain of the amount the trial court awarded based on the
breach of contract claim. Therefore, we first review whether the trial court erred by granting
both an award of damages and rescission. 

 Rescission is an equitable remedy that extinguishes legally valid contracts that must
be set aside because of fraud, mistake, or other reasons in order to avoid unjust enrichment. 
Martin v. Cadle Co., 133 S.W.3d 897, 903 (Tex. App.-Dallas 2004, pet. denied); Country
Cupboard, Inc. v. Texstar Corp., 570 S.W.2d 70, 73-74 (Tex. Civ. App.-Dallas 1978, writ
ref'd n.r.e.). A trial court may order unilateral rescission of a contract if a party demonstrates
a breach in a material part of the contract. Costley v. State Farm Fire & Cas. Co., 894
S.W.2d 380, 386 (Tex. App.-Amarillo 1994, writ denied); Humphrey v. Camelot Ret. Cmty.,
893 S.W.2d 55, 59 (Tex. App.-Corpus Christi 1994, no writ); Ennis v. Interstate Distribs.,
Inc., 598 S.W.2d 903, 906 (Tex. Civ. App.-Dallas 1980, no writ). Even partial breaches are
sufficient to warrant rescission when the breach goes to the essence of the contract. Ennis,
598 S.W.2d at 906; Atkins v. Beasley, 544 S.W.2d 505, 507 (Tex. Civ. App.-Waco 1976, no
writ). 

 Nevertheless, absent fraud or mistake, a party seeking rescission has the burden to
show that monetary damages are an inadequate remedy. Ferguson v. DRG/Colony N., Ltd.,
764 S.W.2d 874, 886 (Tex. App.-Austin 1989, writ denied). Under the unique circumstances
presented in Smith v. National Resort Communities, Inc., the Texas Supreme Court held that
"if damages as well as rescission are essential to accomplish full justice, they will both be
allowed." 585 S.W.2d 655, 660 (Tex. 1979) (awarding special damages for payment of taxes
and annual maintenance fund bill in addition to rescission of contract).

 Generally, whether to grant a request for rescission lies within the trial court's
discretion. See Gentry v. Squires Constr., Inc., 188 S.W.3d 396, 410 (Tex. App.-Dallas
2006, no pet.); Tex. Capital Sec., Inc. v. Sandefer, 58 S.W.3d 760, 774 (Tex. App.-Houston
[1st Dist.] 2001, pet. denied). An appellate court may reverse a trial court for abuse of
discretion only if the record shows that the trial court acted unreasonably or in an arbitrary
manner or, stated differently, the court acted without reference to the applicable guiding rules
or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985);
see also Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991). In making this
determination, the reviewing court views the evidence in the light most favorable to the
actions of the trial court and indulges every legal presumption in favor of the judgment. See
Nordstrom v. Nordstrom, 965 S.W.2d 575, 578 (Tex. App.-Houston [1st Dist.] 1997, pet.
denied); Camelot Ret. Cmty., 893 S.W.2d at 59.

 In this case, the trial court granted both the remedies of damages and rescission for
Linda's breach of the Agreement. But, the losses that Lewis suffered because of Linda's
breach were not incapable of calculation, as the trial court calculated Lewis's damages to
arrive at the amount it awarded for contract damages in the judgment. The written judgment
awards Lewis $79,000 based on his claims of lost income from the tire store and farm
operations.

 The evidence does not support Lewis's claim that rescission is necessary under the
facts and circumstances of this case in order to accomplish full justice. Lewis did not
demonstrate that the damages awarded to him are inadequate or that rescission was required
to fully compensate him for Linda's breach of the Agreement. When damages are adequate,
rescission is not available. Ferguson, 764 S.W.2d at 886. We conclude that awarding both
rescission and damages was not necessary to accomplish full justice under the facts and
circumstances of this case. See Smith, 585 S.W.2d at 660. 

 In addition, Lewis did not contend that Linda was guilty of fraud or that the parties
had entered the Agreement as a result of any mistake. Thus, rescission is not available under
those theories.

 Accordingly, we hold that the evidence does not support an award of both rescission
and damages and that the trial court erred when it granted both remedies. We sustain Linda's
first issue and reverse the trial court's award rescinding the Agreement. 

 When reversing a trial court's judgment, we must render the judgment the trial court
should have rendered except when a remand is necessary for further proceedings or the
interests of justice require a remand or another trial. Tex. R. App. P. 43.3. We may, under
appropriate circumstances, modify the trial court's judgment and affirm it as modified. Tex.
R. App. P. 43.2. In this case, reforming the judgment to delete the remedy of rescission
adequately remedies the error in the trial court's judgment. Therefore, we reform the
judgment by deleting the paragraph of the judgment that contains the trial court's order of
rescission.

 B. Was the trial court required to award Linda Attorney's Fees? 


 Linda claims the trial court erred in failing to award her attorney's fees under section
3.13 of the Agreement which provides: 

 If one of the parties sues to set aside all or part of this agreement, that party
shall pay all of the costs of suit (including attorney's fees, expert fees, and
costs of court) for both parties, unless the court sets aside this agreement on
the basis that one of the parties, with intent to defraud the other, made a
material omission or misstatement in his or her disclosure of property, in
which case the party guilty of such intentional misrepresentation shall bear all
of the costs of litigation.


The material parts of Linda's answer and counterclaim do not contain a claim for attorney's
fees based on this provision of the Agreement.

 A judgment cannot grant relief that is not contained in a party's pleadings. Stoner v.
Thompson, 578 S.W.2d 679, 682, 683-84 (Tex. 1979). Generally, pleadings are sufficient
if they give "fair and adequate notice" of the party's claim. Kissman v. Bendix Home Sys.,
Inc., 587 S.W.2d 675, 677 (Tex. 1979). The only mention in Linda's pleading of attorney's
fees is found in her prayer. A general prayer cannot "enlarge a pleading to the extent that it
embraces an entirely different cause of action[,]" but factual allegations contained within a
pleading, joined with a prayer, may sometimes suffice as "fair notice" of a claim. See Stoner,
578 S.W.2d at 684; Moore v. City of Beaumont, 195 S.W.2d 968, 976 (Tex. Civ.
App.-Beaumont 1946), aff'd, 146 Tex. 46, 202 S.W.2d 448 (1947); see generally Mitchell
v. LaFlamme, 60 S.W.3d 123, 130 (Tex. App.-Houston [14th Dist.] 2000, no pet.) (finding
that, despite party's failure to plead applicable statute to recover attorney's fees, pleadings
sufficient where the party pled facts that entitled it to the relief sought). 

 Linda filed counterclaims for conversion and loss of revenue. She pled facts
specifically addressing those two claims. Linda's only reference to attorney's fees is found
in her prayer. Linda's trial pleadings do not provide any notice of her intent to invoke the
suit-to-set-aside provision of the Agreement as the basis of her prayer for attorney's fees. 
On appeal, Linda's request for attorney's fees is based on the suit-to-set-aside provision of
the Agreement; her attorney's fee claim is not based on the claims raised by her pleadings
for conversion or on Lewis's breach of his obligations to perform services on the family
farm. See Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (Vernon 1997); Green Int'l, Inc.
v. Solis, 951 S.W.2d 384, 390 (Tex. 1997). 

 Because Linda failed to plead facts that put Lewis on fair notice of her intent to rely
on the suit-to-set-aside provision of the Agreement, her mention of attorney's fees in her
prayer without some connection in her pleadings to the suit-to-set-aside provision is not
sufficient notice of the basis of her claim for attorney's fees that she now asserts on appeal.
See Kissman, 587 S.W.2d at 677 ("Only the relief consistent with the theory of the claim
reflected in the petition may be granted under a general prayer."); Stoner, 578 S.W.2d at 684
(holding that a general prayer cannot "enlarge a pleading" to include a different cause of
action "for which fair notice does not exist"). We find no error in the trial court's failure to
grant Linda's request for attorney's fees and overrule Linda's third issue.

 C. Was there Sufficient Evidence to Support the Trial Court's Personal Injury
Awards? 


 Linda challenges the legal and factual sufficiency of the trial court's bodily injury and
emotional distress awards. Because the trial court did not issue any findings of fact or
conclusions of law, all facts necessary to support the trial court's ruling and supported by the
evidence are implied in favor of the trial court's decision. BMC Software Belgium, N.V. v.
Marchand, 83 S.W.3d 789, 795 (Tex. 2002). Evidence is legally sufficient if it "would
enable reasonable and fair-minded people to reach the verdict under review." City of Keller
v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005). In evaluating the evidence's legal sufficiency,
"we credit evidence that supports the verdict if reasonable [factfinders] could, and disregard
contrary evidence unless reasonable [factfinders] could not." Kroger Tex. Ltd. P'ship v.
Suberu, 216 S.W.3d 788, 793 (Tex. 2006) (citing City of Keller, 168 S.W.3d at 827). When
reviewing a factual sufficiency challenge, we consider all of the evidence and uphold the
finding unless the evidence is too weak to support it or the finding is so against the
overwhelming weight of the evidence as to be manifestly unjust. Pool v. Ford Motor Co.,
715 S.W.2d 629, 635 (Tex. 1986). The trial court, as factfinder, determines the credibility
of the witnesses and the weight to be given their testimony. GTE Mobilnet of S. Tex. Ltd.
P'ship v. Pascouet, 61 S.W.3d 599, 615-16 (Tex. App.-Houston [14th Dist.] 2001, pet.
denied); see also City of Keller, 168 S.W.3d at 819.

 Personal injury awards are "unliquidated and not capable of certain measurement;
[thus,] the jury has broad discretion in assessing the amount of damages in a personal injury
case." Missouri Pac. R.R. Co. v. Roberson, 25 S.W.3d 251, 257 (Tex. App.-Beaumont 2000,
no pet.). However, the award should not exceed an amount that "would fairly and reasonably
compensate" for the loss. Bentley v. Bunton, 94 S.W.3d 561, 606 (Tex. 2002); see also Saenz
v. Fidelity & Guar. Ins. Underwriters, 925 S.W.2d 607, 614 (Tex. 1996) (citing Parkway Co.
v. Woodruff, 901 S.W.2d 434, 444 (Tex. 1995)). A factual sufficiency review insures that
the evidence supports a personal injury award; and, when challenged, the law requires that
courts conduct factual sufficiency reviews to review factfinders' damage awards in personal
injury cases. Saenz, 925 S.W.2d at 614. 

 The trial court awarded Lewis $150,000 for his bodily injury claim and $50,000 for
his intentional infliction of emotional distress claim. The trial court's judgment does not
specify what parts of its award were for past or future damages and does not make specific
awards on each of the elements of damage Lewis claimed, such as lost wages or pain and
suffering. (1) Nonetheless, based on the evidence presented at trial and the trial court's oral
pronouncement of its judgment, the trial court awarded the $150,000 for Lewis's pain and
suffering for his bodily injury claim and the $50,000 for Lewis's mental anguish for his
intentional infliction of emotional distress claim.

 With respect to Lewis's bodily injury claim, evidence the trial court could credit
included Lewis's testimony that Linda shot him in the stomach and that he negotiated with
her to get her to take him to the hospital where he had abdominal surgery. Lewis described
that he was in pain before surgery and that as a result of the gunshot, the doctors removed
four-and-a-half feet of his small intestine and part of his bladder. Lewis testified that he now
has a large scar from the operation and that despite his surgery, the bullet that wounded him
remains in his hip. Additionally, Lewis testified that he believed he would never fully
recover from the shooting. Lewis spent eight days in the hospital and could not move
without assistance for more than a month. He related that Linda specifically said she
intended to kill him and that the event was "pretty devastating." Lewis's medical records
were admitted into evidence and are consistent with his testimony regarding his injury. Linda
offered no testimony that contradicted Lewis's concerning the pain and problems he suffered 
from the gunshot. 

 The evidence reflects that Lewis suffered a serious injury. After reviewing Lewis's
medical records and his testimony about the extent of his physical injuries, the pain he
suffered from the wound, the nature of his surgery, the length of his recovery, and his
continued problems from the effects of the gunshot wound, we find the evidence legally and
factually sufficient to support the trial court's $150,000 bodily injury award. We overrule
Linda's second issue as it pertains to her sufficiency challenge to the trial court's award to
Lewis for his bodily injury claim. 

 Linda also challenges the legal sufficiency of the evidence to support the trial court's
award of mental anguish damages for Lewis's intentional infliction of emotional distress
claim. The Texas Supreme Court recognized the possibility of a recovery under Texas law
for intentional infliction of emotional distress in Twyman v. Twyman, 855 S.W.2d 619 (Tex.
1993). In Twyman, the Texas Supreme Court recognized the claim in order to allow the
possibility of a recovery to a spouse for her husband's mental cruelty that would not
otherwise be recoverable in a divorce case. Id. at 624-26. 

 Recently, the Texas Supreme Court clarified that an intentional infliction of emotional
distress claim is considered a "gap-filler" claim and cannot be used "'to circumvent the
limitations placed on the recovery of mental anguish damages under more established tort
doctrines.'" Creditwatch, Inc. v. Jackson, 157 S.W.3d 814, 816, 818 (Tex. 2005) (quoting
Hoffmann-La Roche Inc. v. Zeltwanger, 144 S.W.3d 438, 447 (Tex. 2004)). The tort's
purpose is "'to supplement existing forms of recovery by providing a cause of action for
egregious conduct' that might otherwise go unremedied." Zeltwanger, 144 S.W.3d at 447
(quoting Standard Fruit & Vegetable Co. v. Johnson, 985 S.W.2d 62, 68 (Tex. 1998)). In
Zeltwanger, the Court stated: "Where the gravamen of a plaintiff's complaint is really
another tort, intentional infliction of emotional distress should not be available." Id. Among
the cases cited as authority for this statement, the Texas Supreme Court referenced a
Washington Supreme Court assault case that held damages for emotional distress could be
awarded as part of the assault damages. Zeltwanger, 144 S.W.3d at 448 (citing Rice v.
Janovich, 742 P.2d 1230, 1238 (Wash. 1987)).

 The evidence Lewis presented at trial did not include evidence of mental cruelty or
distress apart from the assault. The trial testimony reflects that Linda's death threats were
made to Lewis's daughter and grandson; Lewis did not offer any evidence that he knew of
these threats prior to being shot. Lewis's assault claim provided a sufficient basis for an
award of mental anguish damages for the events described in the evidence that occurred on
or after the date Linda shot him. 

 We find the trial court erred by awarding Lewis $50,000 for intentional infliction of
emotional distress when another recognized cause of action, assault, existed. See
Creditwatch, 157 S.W.3d at 818; Zeltwanger, 144 S.W.3d at 447, 450. We sustain Linda's
second issue to the extent it challenges the legal sufficiency of the evidence supporting the
trial court's award of mental anguish based on a claim of intentional infliction of emotional
distress. Accordingly, we reverse the trial court's award and render that Lewis take nothing
on his intentional infliction of emotional distress claim. Tex. R. App. P. 43.2.Conclusion

 We sustain issue one to the extent it challenges the trial court's award of rescission
and reform the judgment to delete paragraph six. We sustain issue two in part as it relates
to the trial court's award to Lewis for intentional infliction of emotional distress and render
judgment that Lewis take nothing on his claim of intentional infliction of emotional distress. 
We overrule issue two to the extent it complains of the legal and factual sufficiency of the
evidence to support the bodily injury award in the amount of $150,000. We also overrule
issue three. As reformed, we affirm the trial court's judgment.

 REVERSED AND RENDERED IN PART; AFFIRMED AS REFORMED.


 ____________________________

 HOLLIS HORTON

 Justice



Submitted on January 31, 2008

Opinion Delivered June 26, 2008

Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Lewis's petition contains eighteen separate items of alleged damages, including
pain and suffering, mental anguish, loss of consortium, loss of earnings, and lost earning
capacity.