**Reversed and Remanded and Majority and Dissenting Opinions filed September 10, 2015.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

### NO. 14-13-01141-CV

**UNION PACIFIC RAILROAD COMPANY, Appellant**

**V.**

**CHARLES SEBER AND BARBARA SEBER, Appellees**

**On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2008-64372**

## D I S S E N T I N G   O P I N I O N

The trial court granted the landowners' traditional summary-judgment motion on their claim for an implied easement by prior use and denied the railroad's no-evidence summary-judgment motion aimed at several essential elements of the landowners' claim. On appeal, the railroad challenges both rulings. Because the railroad was entitled to summary judgment based on one of its no-evidence grounds, this court should reverse the trial court's judgment and

render judgment in the railroad's favor. Instead, the majority reverses and remands without addressing the railroad's rendition arguments based on its no-evidence summary-judgment motion.

## The Prior-Use Easement Claim

In their live pleading, appellees/plaintiffs Charles and Barbara Seber asserted a single claim against appellant/defendant Union Pacific Railroad Company—a claim for an implied easement by prior use. The essential elements of the claim are

> (1) unity of ownership of the alleged dominant and servient estates before severance;
>
> (2) open and apparent use of the claimed easement at the time of severance;
>
> (3) continuous use, such that the parties must have intended that the easement pass by grant; and
>
> (4) the necessity of the use to the use of the dominant estate.[1]

The Supreme Court of Texas's recent decision in *Hamrick v. Ward* did not change the essential elements of a prior-use easement claim. The elements are the same after *Hamrick* as they were before *Hamrick*.[2]

## The Summary-Judgment Motions on Remand from the First Appeal

On remand following the first appeal, the Sebers filed a traditional summary-judgment motion, in which they asserted their entitlement to judgment as a matter of law on their prior-use easement claim. In response, Union Pacific filed a cross-motion in which it sought judgment as a matter of law on the Sebers' claim based on two no-evidence grounds. The trial court granted the Sebers' motion and denied Union Pacific's motion.

---

[1] *See Hamrick v. Ward*, 446 S.W.3d 377, 383 (Tex. 2014).

[2] *See id.*; *Drye v. Eagle Rock Ranch, Inc.*, 364 S.W.2d 196, 207-08 (Tex. 1962).

## Issues in Original Appellate Briefing

In this second appeal, Union Pacific asserts in its initial brief that the trial court erred in granting the Sebers' motion and in denying Union Pacific's motion. Union Pacific urges this court to reverse and render judgment in Union Pacific's favor, arguing that the trial court should have granted a no-evidence summary judgment in Union Pacific's favor based on either of its two no-evidence grounds.

## Additional Briefing Regarding *Hamrick v. Ward*

Shortly after the parties submitted their briefs in this appeal, the Supreme Court of Texas issued its opinion in *Hamrick v. Ward*.[3] The *Hamrick* court held as a matter of law that a plaintiff may not assert a prior-use easement claim if the plaintiff seeks roadway access to a landlocked parcel that previously was a part of another parcel of land.[4] In *Hamrick*, the high court did not abolish the claim for a prior-use easement, nor did the high court vary the elements of the claim.[5] Before oral argument, the parties submitted additional briefing vis-à-vis *Hamrick*. In its additional briefing, Union Pacific argues that we should reverse and render judgment that the Sebers take nothing for an additional reason—the Sebers' prior-use easement claim, according to Union Pacific, falls within the scope of *Hamrick* and therefore the Sebers may not assert a prior-use easement claim as a matter of law. Conversely, in their additional briefing, the Sebers argue that their prior-use easement claim does not fall within *Hamrick's* holding. The Sebers note that the *Hamrick* court did not alter the essential elements of a prior-use easement claim and the Sebers continue to rely on their prior argument that the trial court did not err in granting their summary-judgment motion and in denying Union Pacific's

---

[3] *See Hamrick*, 446 S.W.3d at 377.

[4] *See id*. at 381, 385.

[5] *See id*. at 381–85.

motion. The Sebers urge that, in the event this court were to reverse the trial court's judgment based upon *Hamrick,* the court should remand in the interest of justice to allow the Sebers an opportunity to plead and pursue an easement-by-necessity claim.

At oral argument, both sides argued the *Hamrick* issues as well as issues from the original briefing regarding Union Pacific's no-evidence grounds. Though Union Pacific asserted it was entitled to rendition of a take-nothing judgment based on *Hamrick*, Union Pacific also pointed out during oral argument that this court need not address the *Hamrick* issues because the court can dispose of the case based on arguments in Union Pacific's original briefing. And, at oral argument, Union Pacific argued that the interests of justice do not require a remand.

**The Arguments That Would Give Union Pacific the Greatest Relief on Appeal**

If more than one appellate judgment is potentially appropriate based on the record, the briefs, and the law, an appellate court must render the judgment that moves the case to the greatest degree of finality.[6] This longstanding rule furthers judicial economy.[7] To honor this important purpose and to comply with the greatest-degree-of-finality mandate, a court of appeals first must consider and reject all arguments that would entitle the appellant to the greatest relief potentially available, before rendering an appellate judgment granting the appellant lesser relief.[8] Thus, before we may order a remand, we are duty-bound to consider and

---

[6] *See Natural Gas Pipeline Co. of Am. v. Pool*, 124 S.W.3d 188, 201 (Tex. 2003); *Ortega v. CACH, LLC*, 396 S.W.3d 622, 627 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

[7] *See Natural Gas Pipeline Co. of Am.*, 124 S.W.3d at 201; *Monsanto Co. v. Davis*, 25 S.W.3d 773, 780 (Tex. App.—Waco 2000, pet. denied) (stating that "[j]udicial efficiency requires us to first rule upon the complaints brought by [appellants] which would entitle them to the greatest relief").

[8] *See Natural Gas Pipeline Co. of Am.*, 124 S.W.3d at 201–02; *Monsanto Co.*, 25 S.W.3d at 780.

reject all arguments which, if meritorious, would result in a rendition.[9]

In structuring an appellate opinion, courts generally opt to address first the arguments that would provide the greatest relief and then, if necessary, to address arguments that would provide lesser relief.[10] Logical as well as efficient, this sequencing principle stands as a well-worn appellate convention. Yet, it is distinct from the greatest-degree-of-finality rule, which is a first principle of appellate practice.[11] Whether the court addresses the arguments that would provide the greatest relief at the beginning of its analysis or at the end, the court must consider and reject all such arguments before issuing an appellate judgment that provides lesser relief.[12] This case presents no exception to the rule.[13]

---

[9] *See Natural Gas Pipeline Co. of Am.*, 124 S.W.3d at 201–02 (holding that, although dissenting justice asserted that court should sustain remand issue, court could not do so because it was required to reverse and render based on meritorious rendition argument); *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000) (concluding that, because rendition point had merit court would not address issue which, if sustained would result only in a remand); *Bradleys' Electric, Inc. v. Cigna Lloyds Ins. Co.*, 995 S.W.2d 675, 676–77 (Tex. 1999) (holding that the court of appeals erred, not in using the wrong sequence in its analysis, but in sustaining a remand issue without determining whether a rendition issue had merit); *Ortega*, 396 S.W.3d at 627 (stating that "[w]hen an appellant asserts multiple grounds for reversal of the trial court's judgment, this court should first address all issues that would require rendition and then, if necessary, consider issues that would result in remand" and considering and rejecting all rendition issues before sustaining a remand issue); *Monsanto Co.*, 25 S.W.3d at 780 (stating that "[j]udicial efficiency requires us to first rule upon the complaints brought by [appellants] which would entitle them to the greatest relief"); *Forbes v. Lanzl*, 9 S.W.3d 895, 898 n.3 (Tex. App.—Austin 2000, pet. denied) (stating "[w]e decide rendition issues before remand issues" and sustaining rendition issue without addressing remand issue); *Stevenson v. Koutzarov*, 795 S.W.2d 313, 322 (Tex. App.—Houston [1st Dist.] 1990, writ denied) (stating "[w]e must, however, address the points which, if granted, would compel a rendition of judgment for the [appellants]").

[10] *See Bradleys' Electric, Inc.*. 995 S.W.2d at 677.

[11] The majority seems to suggest that this dissenting opinion is based on the sequencing principle. *See ante* at p. 20. Instead, it is based on the greatest-degree-of-finality rule.

[12] *See Natural Gas Pipeline Co. of Am.*, 124 S.W.3d at 201–02; *CMH Homes, Inc.*, 15 S.W.3d at 99; *Bradleys' Electric, Inc.*, 995 S.W.2d at 676–77; *Ortega*, 396 S.W.3d at 627; *Monsanto Co.*, 25 S.W.3d at 780; *Forbes*, 9 S.W.3d at 898 n. 3; *Stevenson*, 795 S.W.2d at 322.

[13] The majority suggests that Texas Rule of Appellate Procedure 43.3(b) provides an exception to this rule. *See ante* at p. 20. But, Rule 43.3(b) does not provide that an appellate court may

Though Union Pacific claims that its *Hamrick* arguments, if meritorious, would entitle Union Pacific to rendition of a judgment that the Sebers take nothing, this relief would not be proper. Presuming for the sake of argument that the summary-judgment evidence conclusively proved that this case falls within the scope of the *Hamrick* holding, the proper appellate judgment would be a remand for further proceedings based on the trial court's error in granting the Sebers' motion for a traditional summary judgment.[14]  A rendition would not be available because Union Pacific did not assert any summary-judgment ground in which it argued that the Sebers' claim fails as a matter of law because they assert a prior-use easement claim for roadway access to a landlocked parcel that previously was a part of another parcel of land.  Thus, the *Hamrick* holding provides no basis for this court to reverse and render a judgment that the Sebers take nothing based on the trial court's denial of Union Pacific's summary-judgment motion.[15]

Arguably, it would be premature to address whether, on remand from a reversal of the traditional summary judgment, the interests of justice require that

---

grant lesser relief in its judgment without addressing arguments in which the appellant seeks greater relief.  *See* Tex. R. App. P. 43.3(b) (providing that "[w]hen reversing a trial court's judgment, the court must render the judgment that the trial court should have rendered, except when: . . . (b) the interests of justice require a remand for another trial").  The majority cites no case holding that Rule 43.3(b) provides such an exception.

[14] *See Marzo Club, LLC v. Columbia Lakes Homeowners Ass'n*, 325 S.W.3d 791, 799–801 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

[15] *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993) (stating that a summary-judgment motion must stand or fall on the grounds expressly presented in the motion); *Dardas v. Fleming, Hovenkamp & Grayson, P.C.*, 194 S.W.3d 603, 615–16 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (concluding that, even though during pendency of appeal Texas law had changed, the appellate court would not address the new law because it was not expressly presented to trial court as ground for summary judgment); *Baty v. Pro-Tech Ins. Agency*, 63 S.W.3d 841, 863 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (stating that, even though during pendency of appeal Texas law had changed regarding essential elements of tortious-interference-with-prospective-business-relationships claim, appellate court would not address new law because it was not expressly presented to trial court as ground for summary judgment).

the Sebers be permitted to amend their pleadings to add an easement-by-necessity claim. But, in any event, a remand for this additional purpose would be lesser relief than a rendition of judgment that the Sebers take nothing.[16]

If Union Pacific's arguments under either its first issue or its second issue have merit, then the trial court erred in granting the Sebers' motion and also erred in denying Union Pacific's no-evidence motion. In this scenario, the proper appellate judgment would be to reverse and render judgment that the Sebers take nothing, unless this court determines that the interests of justice require a remand.[17] If the Sebers' prior-use easement claim does not fall within the scope of the *Hamrick* decision, the interests of justice would not require a remand based on that decision.[18] But, even if the Sebers' prior-use easement claim fell within *Hamrick's* scope, the interests of justice would not require a remand if the Sebers' prior-use easement claim fails as a matter of law because there is no evidence of essential elements that were unaffected by the *Hamrick* decision.[19] If the Sebers have been pursuing for almost seven years a claim that fails as a matter of law under pre-*Hamrick* law, the issuance of the *Hamrick* opinion hardly mandates a remand in the interests of justice to allow the Sebers another chance to plead, seek discovery, and attempt to recover on an easement-by-necessity claim, even if the case under review happened to fall within the scope of *Hamrick*.[20] Thus, Union Pacific's first and second appellate issues, if meritorious, would entitle Union Pacific to the greatest possible relief. Therefore, this court must address these issues and reject

---

[16] *See Natural Gas Pipeline Co. of Am.*, 124 S.W.3d at 201; *Daenen*, 15 S.W.3d at 99; *Bradleys' Electric, Inc.*, 995 S.W.2d at 676–77.

[17] *See* Tex. R. App. P. 43.3; *Gaines v. Kelly*, 235 S.W.3d 179, 185 (Tex. 2007).

[18] *See* Tex. R. App. P. 43.3; *Kissman v. Bendix Home Sys.*, 587 S.W.2d 675, 678 (Tex. 1979) (holding that interests of justice did not require a remand).

[19] *See* Tex. R. App. P. 43.3; *Kissman*, 587 S.W.2d at 678.

[20] *See* Tex. R. App. P. 43.3; *Kissman*, 587 S.W.2d at 678.

them before considering the *Hamrick* issues.[21]  And, if one of these arguments has merit, then this court should render judgment granting Union Pacific the greatest possible relief, without even addressing the *Hamrick* arguments.[22]

## The Merits of Union Pacific's Second Issue

In one of its no-evidence grounds, Union Pacific asserted there was no evidence that, at the time of the alleged severance in 1959 ("Severance Time"), any use of the claimed easement was apparent or continuous.  In its second appellate issue, Union Pacific asserts that the trial court erred in denying summary judgment on this ground.  The only summary-judgment evidence that potentially raises a fact issue in this regard is Barbara Seber's affidavit.  In it, Barbara does not testify that she ever saw the railroad crossing in question being used at or before the Severance Time. Barbara states that, at the Severance Time, the railroad crossing in question was apparent, but Barbara does not state that any use of the crossing was apparent.  Barbara makes conclusory statements that the railroad crossing was in continuous use from 1902 until the Severance Time and from the Severance Time until 2008.  But, these conclusory statements do not raise a genuine fact issue that would preclude summary judgment.[23]  Under the applicable standard of review, the summary-judgment evidence did not raise a genuine issue as to whether the railroad crossing at issue was being used in an apparent and continuous manner at the Severance Time.[24]  Therefore, the trial court erred in denying Union Pacific's motion on this ground and in granting the Sebers'

---

[21] *See Natural Gas Pipeline Co. of Am.*, 124 S.W.3d at 201; *Daenen*, 15 S.W.3d at 99; *Bradleys' Electric, Inc.*, 995 S.W.2d at 676–77.

[22] *See Natural Gas Pipeline Co. of Am.*, 124 S.W.3d at 201; *Daenen*, 15 S.W.3d at 99; *Bradleys' Electric, Inc.*, 995 S.W.2d at 676–77.

[23] *See Wadewitz v. Montgomery*, 951 S.W.2d 464, 466 (Tex. 1997); *Elizondo v. Krist*, 338 S.W.3d 17, 22 (Tex. App.—Houston [14th Dist.] 2010), *aff'd*, 415 S.W.3d 259 (Tex. 2013).

[24] *See Elizondo*, 338 S.W.3d at 22–24.

summary-judgment motion, and this court should reverse and render judgment that the Sebers take nothing, without any remand to allow the Sebers to plead and pursue any new claims.[25]

### No Invitation to Remand in the Interests of Justice

The majority points to Union Pacific's additional briefing and suggests that Union Pacific has invited this court to remand for further proceedings in light of *Hamrick*.[26] Union Pacific issued no such invitation. Rather than urge a remand in light of *Hamrick*, Union Pacific argues that this court should reverse and render judgment that the Sebers take nothing for an additional reason—because, according to Union Pacific, the Sebers' prior-use easement claim falls within the scope of *Hamrick* and therefore the Sebers may not assert a prior-use easement claim as a matter of law. Union Pacific does not invite this court to remand the case to the trial court in the interests of justice, though Union Pacific does state at one point in its briefing that this court could reverse and remand in the interests of justice. At no point has Union Pacific waived, rescinded, or revoked the issues and arguments in its original appellate brief. At oral argument, Union Pacific not only argued that the interests of justice do not require a remand, but also reminded the panel that it need not even address the *Hamrick* issues because the court could

---

[25] *See* Tex. R. App. P. 43.3; *Kissman*, 587 S.W.2d at 678; *Drye*, 364 S.W.2d at 209. The *Hamrick* court held that, as a matter of law, a plaintiff may not assert a prior-use easement claim if the plaintiff seeks roadway access to a landlocked parcel of land that previously was a part of another parcel of land. *See Hamrick*, 446 S.W.3d at 381, 385. The case under review does not involve two previously unified parcels of land. At most, it involves a 1.5 acre parcel of land and Union Pacific's easement to use the property on which the railroad tracks lie to operate a railroad. A roadway over land owned in fee simple significantly limits the landowner's ability to develop the land. A crossing over a railroad's easement to operate a railroad does not appear to significantly limit the railroad company's ability to operate a railroad, which is the only property right the railroad possesses. Nonetheless, for the reasons outlined above, the court should dispose of this appeal without addressing whether this case falls within the scope of *Hamrick*.

[26] *See ante* at p. 20.

9

dispose of the case based on arguments in Union Pacific's original briefing. And, that is what this court should do.

## Conclusion

Under binding precedent, this court may not reverse and remand without addressing Union Pacific's two rendition arguments under its first and second issues.[27] The majority concludes that the court need not address these arguments or the propriety of the trial court's denial of Union Pacific's no-evidence motion.[28] The majority instead concludes that the trial court erred in granting the Sebers' summary-judgment motion and then addresses whether the interests of justice require a remand.[29] For purposes of judicial economy and to comply with the supreme court's longstanding rule, this court should address Union Pacific's argument under its second issue. And, the court should sustain the second issue, conclude that the interests of justice do not require a remand, reverse the trial court's judgment, and render judgment that the Sebers take nothing. Because the court instead reverses and remands without addressing Union Pacific's rendition arguments, I respectfully dissent.


/s/    Kem Thompson Frost
            Chief Justice

Panel consists of Chief Justice Frost and Justices Boyce and McCally. (Boyce, J. majority opinion).

---

[27] *See Natural Gas Pipeline Co. of Am.*, 124 S.W.3d at 201; *Daenen*, 15 S.W.3d at 99; *Bradleys' Electric, Inc.*, 995 S.W.2d at 676–77.

[28] *See ante* at pp. 20–21.

[29] *See ante* at pp. 12–16, 16–19.